| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Moshe Rothenberg, Esq.<br>Attorney at Law<br>880 E. Elmer Road<br>Vineland, New Jersey 08360<br>P: 856-236-4374<br>F: 856-405-6769<br>Attorney for Debtor(s)<br><br>In Re:<br><br>Shonda S. Burroughs | Order Filed on August 12, 2019<br>by Clerk U.S. Bankruptcy Court<br>District of New Jersey<br><br>Case No.:    18-15986<br><br>Chapter:    13<br><br>Judge:    Jerrold N. Poslusny |

# AMENDED ORDER TO EMPLOYER TO PAY TO THE
# CHAPTER 13 TRUSTEE

The relief set forth on the following pages, numbered two (2) through three (3) is hereby ORDERED.

**DATED: August 12, 2019**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

The above-named debtor has filed a proceeding under Chapter 13 of Title 11 of the United States Code. The debtor's future earnings have been submitted to the jurisdiction of this Court, in furtherance of the debtor's Chapter 13 plan.

NOW, THEREFORE, PURSUANT TO 11 U.S.C. § 1325(C) AND § 105, IT IS ORDERED that, until further order of this Court, the employer or other party providing income to said debtor shall deduct from the earnings or income of said debtor the following sums each pay period, beginning on the next pay day following receipt of this order, and shall deduct the same amount for each pay period thereafter, including any period for which the debtor receives periodic or lump sum payment for or on account of vacation, termination or other benefits, arising out of present or past employment of the debtor, and to forthwith remit the sum so deducted to the Chapter 13 Standing Trustee.

**Debtor's Employer and Address:**

Vineland Veterans Memorial Home
Attn: Payroll
524 NW Blvd
Vineland, NJ 08360

**Trustee to Whom Payments Must be Forwarded (and Address):**

Isabel C. Balboa, Chapter 13 Trustee
PO Box 1978
Memphis, TN 38101-1978

**Amount to be Deducted and Paid Per Pay Period:**

☐   Monthly    ☒   **Bi-Weekly** ☐   Weekly **$ 185.00**

IT IS FURTHER ORDERED that the employer or other party making payments shall note the debtor's name and bankruptcy case number on the checks to the trustee.

IT IS FURTHER ORDERED that said employer or other party shall notify said trustee and mortgagee(s) if the earnings or income of said debtor are terminated, and the reasons for such termination.

IT IS FURTHER ORDERED that all earnings and wages of the debtor, except the amounts required to be withheld by the provisions of any laws of the United States, the laws of any State or political subdivision, or by any insurance, pension or union dues agreement between employer and the debtor, or by the order of this court, shall be paid to the debtor in accordance with employer's usual payroll procedure.

IT IS FURTHER ORDERED that no deduction for or on account of any garnishment, wage assignment, credit union or other purpose not specifically authorized by this Court shall be made from the earnings of said debtor.

IT IS FURTHER ORDERED that an order dismissing the debtor's bankruptcy case shall constitute a termination of the requirement to make payments under this order.

IT IS FURTHER ORDERED that this order supersedes previous orders, if any, made to the subject employer or other party in this cause.

IT IS FURTHER ORDERED that the attorney for the debtor shall serve copies of this order on the employer or other party, the trustee, and the mortgagee(s) within seven (7) days.

**IT IS A VIOLATION OF 15 U.S.C. § 1674 AND N.J.S.A. 2A:170-90.4 FOR AN EMPLOYER TO DISCHARGE AN EMPLOYEE OR TAKE ANY OTHER DISCIPLINARY ACTION BECAUSE OF A WAGE GARNISHMENT. AN EMPLOYER VIOLATING SAID STATUTES IS SUBJECT TO FINES AND IMPRISONMENT.**

*rev.12/1/09*